# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

| | |
|---|---|
| Mac Joseph Slauson, <br> Calandra Ann Slauson | Case No. 13-01775-als7 |
| Debtors | Chapter 7 |
| April Ellertson | Adv. Pro. 13-30066-als |
| Plaintiff | |
| v. | |
| Mac Joseph Slauson, <br> Calandra Ann Slauson | |
| Defendants | |

**MEMORANDUM OF DECISION**
**(date entered on docket: May 29, 2014)**

Trial was conducted on the Plaintiff's complaint to determine the dischargeability of debt pursuant to 11 U.S.C. section 523(a)(2)(A) on May 19, 2014. Richard Webster appeared for the Plaintiff, April Ellertson ("Ellertson"). The Defendant, Mac J. Slauson ("Slauson") was represented by Billy Mallory.

The court has jurisdiction of these matters pursuant to 28 U.S.C. sections 157(b)(1) and 1334. Upon consideration of the evidence and arguments the following findings and conclusions of law are entered by the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. For the reasons stated herein the complaint is dismissed.

## FACTS

Slauson operated DaPlumberGuy Mechanical LLC which was formed in 2009 and was administratively dissolved in August 2013. He holds several licenses issued by the Iowa Department of Public Health Plumbing & Mechanical Systems Board. In December 2010 Ellertson contacted Slauson based upon a referral provided by her neighbor, Jake. A series of email communications between the parties to this litigation reveal that installation of a furnace, air purifier and air conditioner was initially quoted at $6,428.90. After further exchanges, the price of $4,100 was agreed to by the parties. Installation of the air conditioner and associated labor charges were deferred until the Spring of 2011. Ellertson contends that when the air conditioner was installed she then made a cash payment to Slauson in the amount of $1,100, a fact he disputes.

Some adjustments were required on both systems after installation. After discussion with Ellertson, Slauson apparently directed Jake to correct the identified issues. A year later, Ellertson believed her air conditioning was not working properly and contacted other contractors to take a look at her systems. She explains that this is when she first learned that the installation was done incorrectly and posed a safety hazard, no permits were obtained for the work performed by Slauson and a HEPA air purifier had not been installed.

When Slauson did not respond to her requests to resolve these problems, Ellertson filed a small claims action, naming Mac Slauson dba DaPlumberGuy Mechanical LLC and Precision Mechanical Industries as Defendants. This action sought recovery for the negligent installation of heating and cooling systems and for theft. A default judgment was entered in the amount of $5,000 on October 25, 2012. Slauson filed a chapter 7 bankruptcy petition on June 18, 2013 naming Ellertson as a creditor on Schedule F and identifying her small claims action on the

Statement of Financial Affairs at question number four. A timely complaint was filed by Ellertson requesting that the debt owing to her be declared non-dischargeable pursuant to 11 U.S.C. section 523(a)(2)(A).

## **DISCUSSION**

The Plaintiff seeks to have her damages excepted from Debtor's discharge pursuant to 11 U.S.C. section 523(a)(2)(A) which provides that:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (2014). To successfully except a debt from discharge under this section a showing of actual fraud by either direct or circumstantial evidence is required. See Lipka v. Donley (In re Donley), 115 B.R. 502, 503 (Bankr. E.D. Pa. 1990). The plaintiff bears the burden of proof on the following elements by a preponderance of the evidence:

> 1) that the debtor made a representation; 2) that at the time the debtor knew the representation was false; 3) that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; 4) that the creditor justifiably relied on such representation; and 5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

Merchs. Nat'l Bank v. Moen (In re Moen), 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999) (citations omitted).

Ellertson contends that each one of the elements has been established. To prove that Slauson made a fraudulent representation, Ellertson points to the following facts: 1) Slauson held himself out as a qualified professional who would perform the work of installing the furnace and air conditioner in a professional and appropriate manner, and she had no reasons to question

these credentials; 2) Slauson falsely represented that he would install a HEPA air purifier; and 3) When asked about the venting method he had used which did not comport with what was originally planned he stated that he had "done it another way". Ellertson argues that these representations, taken together, were made to deceive her and induce her to pay for the services. Slauson counters that this is a breach of contract case and that there is no personal liability due to the fact that the work was performed by DaPlumberGuy Mechanical, LLC.

No written contract was in place between the parties, which may have compounded the misunderstanding of the work to be performed. A series of emails were presented to establish the terms of the work agreed to by the parties. A review of the email exhibit admitted in the Plaintiff's case clearly establishes that she decided against having the more expensive air purifier installed. Further, her communication stated: "If you think I need to put some kind of air purifier on, I will have to figure out something to get the extra." Apparently Ellertson still believed there was going to be an air purifier installed and points to Slauson's language in the email exchanges that states he would "make it work for u [sic]," and " that number has the purifier in it. :)". At trial a contractor testified on behalf of Ellertson that there was simply an additional filter put on the furnace, but there was no air purifier installed. Slauson does not really disagree with this conclusion. The HEPA air purifier was not part of the invoice[1] provided to Ellertson. But it does reflect the price of $4,100 which corresponds to the last email exchange dated December 20, 2010 that was after the Plaintiff declined to install the air purifier due to the higher cost. [S]ubsequent conduct contrary to [an] original representation does not necessarily render the original representation a falsity." Garza v. Baker (In re Baker), 139 B.R. 692, 694 (Bankr. N.D. Ohio 1992).

---

[1] The invoices identify both Mac Slauson and DaPlumberGuy Mechanical LLC. Whether the Plaintiff believed she was contracting with Slauson or the LLC is not relevant to the outcome of the Court's decision and will not be addressed in detail.

This Court has previously held that "[f]ailure to fulfill contract terms does not automatically result in a finding of fraudulent conduct." In re Rodruck, Bankr. No. 07-01872-LMJ7, Adv. No. 07-30134-als, 2010 WL 1740792, at *2 (Bankr. S.D. Iowa Apr. 28, 2010) (citations omitted). "[T]o be actionable as fraud, the plaintiff must establish that the debtor entered into the contract with the intent of never complying with its terms." Id. See, e.g., Vinson v. Cozart (In re Cozart), 417 B.R. 116 (Bankr. W.D. Ark. 2009); Kadlecek v. Ferguson (In re Ferguson), 222 B.R. 576 (Bankr. N.D. Ill. 1998).

There is no indication that Ellertson obtained competing bids or information from other contractors prior to originally engaging Slauson. There is no evidence which indicates that Ellerston asked any questions about the installed system when she received the invoices describing the items that were installed. It was approximately one year after installation when Ellertson became dissatisfied with Slauson's work and sought out additional opinions. Although she states that she thought there were problems before that time there is no evidence to suggest she followed up on these concerns or that they were not resolved by Slauson.

Dischargeability actions are narrowly construed against the creditor and in favor of the debtor. See In re Donley, 115 B.R. at 503 (citing, Koltman v. Hammill (In re Hammill), 61 B.R. 555 (Bankr. E.D. Pa. 1986)). This case results from a difference of expectations, and opinions, related to the installation of an air purifier and the venting of the systems. Based upon the record, the Court cannot conclude that the Defendant did not intend to perform the work agreed to by Ellertson according to industry standards. Therefore, the Plaintiff has not met her burden to establish the elements of fraud.

IT IS THEREFORE ORDERED that:

1. The Plaintiff's complaint is dismissed.

2. The parties shall bear their own costs.

3. Judgment shall enter accordingly.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding